FRANCISCO DEL MORAL, Plff.,

*v.*

COMMERCIAL UNION ASSURANCE COMPANY, Dft.

San Juan, Law, No. 1498.

Opinion filed June 14, 1923.

*Mr. H. R. Francis* for plaintiff.

*Mr. J. Henri Brown* for defendant.

ODLIN, Judge, delivered the following opinion:

The question now submitted is one of new impression, so far as counsel and the court are aware.

It is this: Where a plaintiff suing for $30,000 recovers a verdict for $7,000 which he deems unjust as being too small, and he therefore moves for a new trial, which the court denies, the plaintiff then proceeds with a writ of error to the appellate court; several months after the verdict, and before the case is reached at Boston, the plaintiff desires to abandon his appellate proceedings, and accept the verdict, notifying counsel for the defendant. Thereupon the latter offers the plaintiff $7,000, plus the taxable costs, but does not include any interest on the $7,000, and argues that it would be unjust to require payment of any interest upon the theory that, except for the appellate proceedings, the $7,000 plus costs would have been paid at once after entry of judgment. Counsel for plaintiff argues that plaintiff's judgment draws interest automatically from its date, which interest is not lost by reason of a writ of error later withdrawn; that if defendant desired to avoid payment of such interest, a tender of the $7,000 plus costs should have been made and in case of refusal to accept, then there should follow a deposit in the registry of the court. It is conceded that there was neither a tender nor a deposit; but counsel for the defendant argues that a tender would have been a useless formality since the plaintiff announced at once after denial of motion for new trial, his intention to carry the case to Boston.

It seems to me that this conclusion does not necessarily

follow; if the plaintiff had "seen the greens" he might have taken them and abandoned his appeal. It is at least possible.

At all events, it is clear that the defendant, since the date of the judgment, has had the use of $7,000 which he concedes to be due the plaintiff. And I therefore hold that the defendant by failing to make any tender or any deposit is estopped to claim exception from the payment of interest. The $7,000 will therefore draw legal interest from date of judgment until payment.